IN THE UNITED STATES COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| STA-RITE INDUSTRIES, LLC F/K/A§ SHURFLO, LLC F/K/A SHURFLO PUMP§ MANUFACTURING COMPANY  § | CAUSE NO. 6:08CV59 |
| § | |
| V.  § | |
| § | JURY TRIAL DEMANDED |
| ITT CORPORATION, ITT INDUSTRIES,§ FLOJET CORPORATION, ITT JABSCO, INC.,§ AND RULE INDUSTRIES, INC.  § | |
| § | |
| § | |
| § | |

## AMENDED JOINT [PROPOSED] FINAL PRE-TRIAL ORDER

This cause came before the Court at a pre-trial management conference held on August

31, 2010 pursuant to Local Rule CV-16 and Rule 16 of the Federal Rules of Civil Procedure.

## A.     Counsel for the Parties

| Plaintiff: | Sta-Rite Industries, LLC |
|---|---|
| Counsel for Plaintiff: | **Michael A. Nicodema**, admitted *pro hac vice* nicodemam@gtlaw.com GREENBERG TRAURIG, LLP 200 Park Avenue PO Box 677 Florham Park, New Jersey 07932 973-360-7900 973-301-8410 fax <br><br> **Mary-Olga Lovett** lovettm@gtlaw.com **Paul J. Brown** brownpa@gtlaw.com GREENBERG TRAURIG, LLP 1000 Louisiana Street, Suite 1800 Houston, Texas 77002 <br><br> **Gerald L. Fellows**, admitted *pro hac vice* fellowsj@gtlaw.com |

| | |
|---|---|
| | **Kimberly A. Warshawsky**, admitted *pro hac vice*<br>warshawskyk@gtlaw.com<br>GREENBERG TRAURIG, LLP<br>2375 East Camelback Road, Suite 700<br>Phoenix, Arizona 85016<br>Telephone: (602) 445-8000<br>Telecopier: (602) 445-8100<br><br>**Douglas R. McSwane, Jr.**<br>State Bar No 1381300<br>**E. Glenn Thames, Jr.**<br>State Bar No. 00785097<br>POTTER MINTON<br>A Professional Corporation<br>110 N. College, Suite 500 (75702)<br>P. O. Box 359<br>Tyler, Texas  75710<br>(903) 597 8311<br>(903) 593 0846 (Facsimile)<br>dougmcswane@potterminton.com |
| **Defendants:** | **ITT Corporation**<br>**Rule Industries, Inc.** |
| Counsel for Defendants | **Brett C. Govett**<br>Texas Bar No.  08235900<br>**Karl G. Dial**<br>Texas Bar No.  05800400<br>**Miriam L. Quinn**<br>Texas Bar No. 24037313<br>**Dustin Mauck**<br>Texas Bar No.  24046373<br><br>FULBRIGHT & JAWORSKI L.L.P.<br>2200 Ross Avenue, Suite 2800<br>Dallas, TX  75201-2784<br>Telephone:  (214) 855-8000<br>Facsimile:  (214) 855-8200<br>Email:  bgovett@fulbright.com<br>Email:  kdial@fulbright.com<br>Email:  mquinn@fulbright.com<br>Email:  dmauck@fulbright.com<br><br>**George W. Jordan III**<br>Texas Bar No.  00796850<br>FULBRIGHT & JAWORSKI L.L.P.<br>1301 McKinney, Suite 5100<br>Houston, Texas 77010-3095 |

PHX 329,320,478v2

Telephone:  (713) 651-5151
Facsimile:  (713) 651-5246
Email:  gjordan@fulbright.com

**Otis Carroll**
**Deborah J. Race**
Ireland, Carroll & Kelley, PC
6101 S. Broadway, Suite 500
Tyler, Texas 75703
903-561-1600
903-581-1071 fax
fedserv@icklaw.com

**B.      Statement of Jurisdiction**

Jurisdiction in this case is based on Title 28 U.S.C. Section 1331 in that Plaintiff brings this action under Title 35 U.S.C. Section 1338.  This Court has personal jurisdiction over all Defendants.  Jurisdiction is not disputed.

**C.      Nature of Action**

This is a patent infringement case.  The Patents-in-Suit are U.S. Patent Number 5,791,882 ("the '882 Patent"), U.S. Patent Number 6,048,183 ("the '183 Patent"), U.S. Patent Number 6,050,662 ("the '662 Patent"), U.S. Patent Number 6,305,767 ("the '767 Patent), U.S. Patent Number 7,225,936 ("the '936 Patent") and U.S. Patent Number 5,833,437 ("the '437 Patent").

Plaintiff alleges that the Patents-in-Suit have been literally infringed and that infringement has been willful.  Defendants deny that the Patents-in-Suit have been literally infringed, deny that there is any willful infringement and assert that the Patents-in-Suit are invalid.  Defendants further assert that the '936 patent is unenforceable due to inequitable conduct.

**D.      Contentions of the Parties**

The parties set forth below a summary of their contentions in this case.  The parties do not necessarily agree with each other's summaries and contentions.  The parties reserve all objections and the right to present any issues properly raised by pleadings, discovery, or statements in this document.

**(1)      Plaintiff's Contentions**

1.      Plaintiff Sta-Rite Industries, LLC ("Plaintiff" or "SHURflo") alleges that Defendants ITT Corporation, ITT Industries, Flojet Corporation, ITT Jabsco, Inc. and Rule Industries, Inc. (hereinafter collectively referred to as "Defendants") have infringed the following asserted claims of the Patents-In –Suit:

- Claims 10, 11, 12, 13 and 14 of the '183 Patent
- Claims 14, 15 and 17 of the '882 Patent;
- Claim 5 of the '662 Patent;
- Claims 18, 21, 22 and 23 of the '767 Patent;
- Claims 1, 2, 3, 4, 5, 6, and 7 of the '936 patent; and
- Claim 11 of the '437 patent.

2.      Plaintiff contends that it is entitled to recover reasonable royalty damages through the end of trial based upon the sales information Defendants have produced thus far.  Plaintiff contends that it is also entitled to injunctive relief against Defendants.

3.      Plaintiff contends that Defendants' infringement has been and remains willful, entitling Plaintiff to enhanced damages, and that this is an exceptional case, entitling Plaintiff to recover its attorneys' fees.

4.     Plaintiff contends that Defendants had actual knowledge of each of Plaintiff's Patents-in-Suit well prior to the filing of Plaintiff's Complaint.

5.     Plaintiff contends that Defendants may not rely on an opinion of outside counsel as a defense to willful infringement since Defendants have not produced such opinions.

6.     Plaintiff contends that the Patents-in-Suit are valid and that the Defendants have not rebutted by clear and convincing evidence the presumption of validity accorded the Patents-in-Suit under 35 U.S.C. § 282.

7.     Plaintiff contends that none of the claims of the Patents-in-Suit are invalid for anticipation.

8.     Plaintiff contends that none of the claims of the Patents-in-Suit are invalid for lack of written description or enablement and that each of the claims of the Patents-in-Suit satisfy the requirements of 35 U.S.C. § 112.

9.     Plaintiff contends that none of the claims of the Patents-in-Suit are invalid for obviousness.

10.     Plaintiff contends that none of its claims for relief are barred by laches, waiver, ratification, or estoppel.

11.     Plaintiff contends that it has satisfied the requirements of 35 U.S.C. § 287, and that, regardless of whether Plaintiff marked each of its products with the patent numbers for each of the Patents-in-Suit, Defendants had actual knowledge of each of Plaintiff's patents at or around the time each of Defendants' Accused Products were being developed.

**(2)     Defendants' Contentions**

ITT Corporation and Rule Industries, LLC (collectively "ITT") contend that they have not infringed any of the asserted claims of the Patents-in-Suit.  ITT further contends that the

- 5 -

Patents-in-Suit are invalid as anticipated under 35 U.S.C. § 102 and/or obvious under 35 U.S.C. § 103 and/or invalid for indefiniteness, lack of written description, or enablement that satisfies the requirements of 35 U.S.C. § 112.  ITT further contends that SHURflo's claims for relief are barred, in whole or in part, by laches, waiver, ratification and/or estoppel.  ITT further contends that the asserted '936 Patent is unenforceable due to inequitable conduct.  ITT denies SHURflo's contention that ITT's actions make this case exceptional under 35 U.S.C. § 285 and further deny that SHURflo is entitled to any relief, whether monetary, injunctive, or in the form of attorneys' fees.  ITT further contends that SHURflo has failed to fully comply with the requirements of 35 U.S.C. § 287.

ITT also seeks a declaration that the Patents-in-Suit are not infringed and are invalid. ITT contends that SHURflo's actions make this case exceptional under 35 U.S.C. § 285 and seeks attorneys' fees incurred in defending this action.  ITT also seeks any further monetary, equitable, or other relief as the Court deems just and proper.

**E.     Stipulations and Uncontested Facts**

The Parties stipulate to the following facts:

(1)     Plaintiff Sta-Rite Industries, LLC is a Wisconsin limited liability company with its principal place of business in Delavan, Wisconsin.

(2)     Plaintiff Sta-Rite Industries, LLC was formerly known as SHURflo, LLC and SHURflo Pump Manufacturing Company.  Plaintiff will be referred to as "SHURflo."

(3)     ITT Corporation is an Indiana corporation with its principal place of business in White Plains, New York.

(4)     Rule Industries, Inc. is a Massachusetts corporation with its principal place of business in Gloucester, Massachusetts.

(5)     Rule Industries, Inc. is a wholly-owned subsidiary of ITT Corporation.

(6)     ITT Corporation sells products under the Flojet name.

- 6 -

(7)     ITT Corporation sells products under the Jabsco name.

(8)     There are six Patents-in-Suit.  Sta-Rite Industries, LLC currently holds all rights and interests in the Patents-in-Suit.

(9)     U.S. Patent Number 5,791,882 ("the '882 Patent") issued on August 11, 1998 and is entitled "High Efficiency Diaphragm Pump."  The patent application that resulted in the issuance of the '882 Patent was filed on April 25, 1996.  The named inventors on the '882 Patent are William V. Stucker, Christopher J. Taylor-McCune, Raffi Pinedjian and Alfonso O. Macias.

(10)    U.S. Patent Number 6,048,183 ("the '183 Patent") issued on April 11, 2000 and is entitled "Diaphragm Pump with Modified Valves."  The patent application that resulted in the issuance of the '183 Patent was filed on February 6, 1998.  The named inventor on the '183 Patent is Humberto Meza.

(11)    U.S. Patent Number 6,050,662 ("the '662 Patent") issued on April 18, 2000 and is entitled "Modular System Board."  The patent application that resulted in the issuance of the '662 Patent was filed on April 22, 1998.  The named inventors on the '662 Patent are Gregory C. Filipek, Steven T. Jersey and Brian Babson.

(12)    U.S. Patent Number 6,305,767 ("the '767 Patent) issued on October 23, 2001 and is entitled "Modular System Board."  The original patent application that resulted in the issuance of the '767 Patent was filed on April 18, 1998.  The named inventors on the '767 Patent are Gregory C. Filipek, Steven T. Jersey and Brian Babson.

(13)    U.S. Patent Number 7,225,936 ("the '936 Patent") issued on June 5, 2007 and is entitled "Comestible Fluid Rack and Rail Apparatus and Method."  The patent application that resulted in the issuance of the '936 Patent was filed on February 4, 2004.  The named inventors on the '936 Patent are Steven T. Jersey, William W. Chung, Larry D. Broyles, Michael D. Henry and Michael R. Smith.

(14)    U.S. Patent Number 5,833,437 ("the '437 Patent") issued on November 10, 1998 and is entitled "Bilge Pump."  The patent application that resulted in the issuance of the '437 Patent was filed on July 2, 1996.  The named inventors on the '437 Patent are Brian J. Kurth, Charles W. Manahan, Anil B. Patel and Kenneth Peterson.

(15)    ITT manufactures and sells the following accused products (the "Accused Products"):

    •     Flojet Slider Bracket ("Flojet Slider Bracket");

    •     Flojet Model No. 20982-100 Universal Bracket ("Flojet Universal Bracket");

- 7 -

- Rule Livewell/Baitwell Pumps 401FC, 403 FC, 405FC, 401 STC, and 405 STC ("Rule Livewell Pumps");

- Flojet 3526-144A ("Flojet Diaphragm Pump"); and

- Jabsco Pump Model 31395-3000, Jabsco 31395-8000, and Jabsco 32605-0092 (collectively, "Jabsco Diaphragm Pumps").

**[Defendants desire to de-designate fact 16 below from the stipulation because it is irrelevant and immaterial.  Plaintiff contends that this fact should remain stipulated in accordance with the previously submitted Joint Pre-trial Order and the Amended Docket Control Order.]**

(16)   SHURflo manufactures and sells the following products:

- SHURflo's Snap Fit Base Plate, part no. 21-125 ("SHURflo's Snap-Fit Base Plate");

- SHURflo Model No. 94-376 ("SHURflo's Modular System Board");

- SHURflo 1700 Series Pumps ("Bait Sentry Livewell Pump");

- SHURflo Model 357-013-10 Pumps ("Piranha Livewell Pump"); and

- SHURflo Pump Model 8000-812-288, SHURflo Pump Model 2088-422-444, and SHURflo Pump Model 3091-2214, and SHURflo Pump Model 3901-2214 (collectively "Shurflo Diaphragm Pumps").

## F.   Contested Issues of Fact and Law

The following contentions are each party's statement of the issues it believes arise in this case.  The parties do not necessarily agree with each other's contentions as set forth herein.  No party waives the right to present any issue, evidence, or argument to the Court or at trial, or to make any objection thereto, based on the opposing party's statements herein.

### (1)   Plaintiff's Issues

Plaintiff believes that the following issues are disputed:

**Plaintiff's Contested Issues Of Fact:**

To the extent that any issue of fact discussed herein is deemed to be an issue of law, it is incorporated below into Plaintiff's Contested Issues Of Law.  Plaintiff further reserves the right

to amend this, or any other, section of the Joint Pretrial Statement following the deposition of Peter Van Winkle, which has yet to be scheduled.

1.      Whether jurisdiction is proper in this Court.

2.      Whether venue is proper in the United States District Court for the Eastern District of Texas, Tyler Division.

3.      Whether Flojet is a division of ITT Corporation.

4.      Whether ITT purchased Flojet Corporation in or about 1999.

5.      Whether Jabsco is a division of ITT Corporation.

6.      Humberto Meza has been employed by Defendant ITT since 2007.

7.      Whether Defendants literally infringe the asserted claims of the Patents-in-Suit by making, using, offering for sale, and selling each of the Accused Products.

8.      Whether Defendants' infringement of the asserted claims of the Patents-in-Suit has been and continues to be willful.

9.      If Defendants are found to infringe any of the asserted claims of the Patents-In-Suit, what are the appropriate damages to be awarded to SHURflo on a reasonable royalty basis.

10.      Whether, upon proof of infringement, SHURflo is entitled to damages for Defendants' infringing activities

11.      Whether Defendants have not proven by clear and convincing evidence that the claims of the Patents-in-Suit are invalid for failure to satisfy the conditions of patentability specified in 35 U.S.C. § 102.

12.      Whether Defendants have not proven by clear and convincing evidence that the claims of the Patents-in-Suit are invalid for failure to satisfy the conditions of patentability specified in 35 U.S.C. § 103.

13.     Whether Defendants have not proven by clear and convincing evidence that the claims of the '183 and 437 Patents are invalid for failure to satisfy the enablement requirement specified in 35 U.S.C. § 112.

14.     Whether Defendants had actual or constructive knowledge of each of the Patents-in-Suit prior to the date SHURflo filed its Complaint.

15.     Whether Defendants had actual knowledge of the pending patent application for SHURflo's '662 Patent in or before March 2000.

16.     Whether Defendants had actual knowledge that SHURflo's '662 Patent issued in 2000.

17.     Whether Defendants had actual knowledge of the pending patent application for SHURflo's '767 Patent in or before March 2000.

18.     Whether Defendants had actual knowledge that SHURflo's '767 Patent issued in 2001.

19.     Whether Defendants, through the advice of counsel, decided in March 2000 that they would stop selling Flojet's Universal Bracket after SHURflo's pending patent applications for SHURflo's Modular System Board issued.

20.     Whether Defendants did not stop selling Flojet's Universal Bracket after SHURflo's pending patent applications for SHURflo's Modular System Board issued.

21.     Whether Defendants had actual or constructive knowledge of SHURflo's '936 Patent when it was developing its Slider Bracket.

22.     Whether Defendants took no action to satisfy its duty of due care to satisfy itself that it was not or would not be infringing the Patents-in-Suit or that the Patents-in-Suit were invalid.

23.     Whether Defendants' action to determine whether it was or would be infringing the Patents-in-Suit were inadequate as a matter of law.

24.     SHURflo disputes the Defendants' characterization of the asserted prior art references, as well as Defendants' allegations of invalidity of any claim of the Patents-in-Suit.

25.     Whether ITT's Slide Bracket is a plastic bracket that is designed to hold one type of beverage pump: Flojet's N5000 pump.

26.     Whether SHURflo's Snap Fit Base Plate is a plastic bracket that is designed to hold more than one type of beverage pump.

27.     Whether Flojet's Universal Bracket is a plastic bracket that is designed to hold several different types of beverage pumps.

28.     Whether Flojet's Universal Bracket contains a pump retention mechanism for holding these beverage pumps.

29.     Whether Flojet's Universal Bracket contains a pump retention mechanism, which is comprised of elastic tubing and a retention bar.

30.     Whether ITT employees refer internally to the pump retention mechanism of Flojet's Universal Bracket as a "hook."

31.     Whether the pump retention mechanism on Flojet's Universal Bracket helps to hold the pump to Flojet's Universal Bracket in the same way that a rubber band is used to hold a stack of index cards together.

32.     Whether the pump retention mechanism on Flojet's Universal Bracket mechanism is akin to a rubber band or sling shot.

- 11 -

33.     Whether the pump retention mechanism on Flojet's Universal Bracket is directly attached to the Flojet Universal Bracket by a continuous loop to the housing through holes in the housing.

34.     Whether, in addition to the pump retention mechanism, Flojet's Universal Bracket contains: (a) a housing; (b) at least one cavity; (c) and multiple sets of mounting holes.

35.     Whether Flojet ITT developed its Universal Bracket after a request to do so from Coca Cola.

36.     Whether SHURflo's Modular System Board contains: (a) a housing; (b) at least one cavity; (c) and mounting holes.

37.     Whether SHURflo developed its Modular System Board after a request to do so from Coca Cola.

38.     Whether a livewell pump is an pump that supplies external water to a livewell fish tank on a recreational boat.

39.     A livewell pump is a centrifugal pump that circulates water from below the boat into the livewell tank.

40.     Whether the Rule Livewell Pump has: (a)  inlet and outlet ports; (b) a pump housing; and (c) a motor housing that extends into chamber of the pump housing.

41.     Whether the motor housing on the Rule Livewell Pump contains a motor.

42.     Whether SHURflo's Bait Sentry and Piranha Livewell Pumps have (a)  inlet and outlet ports; (b) a pump housing; and (c) a motor housing that extends into chamber of the pump housing.

43.     Whether the motor housing on SHURflo's Bait Sentry and Piranha Livewell Pumps contain a motor.

- 12 -

44.     A diaphragm pump is a pump that pumps clear liquid and/or air in a variety of industrial settings.

45.     Whether the Flojet and Jabsco Diaphragm Pumps contain a diaphragm, which is a flexible membrane for operating in conjunction with a wobble plate to displace fluid.

46.     Whether each of Defendants' Diaphragm Pumps, Flojet 3526-114A, Jabsco Pump Model 31395-3000, Jabsco 31395-8000, and Jabsco 32605-0092, use the same diaphragm.

47.     Whether SHURflo's Diaphragm Pump contains a diaphragm, which is a flexible membrane for operating in conjunction with a wobble plate to displace fluid.

48.     Whether the wobble plate provides a reciprocating motion to the pistons of the diaphragm to move fluid through the pump.

49.     Whether the ring-shaped region circumscribing each piston in the diaphragm is referred to as a generally annular region.

50.     Whether the diaphragm in Flojet's and Jabsco's Diaphragm Pumps is made of santoprene, a thermoplastic.

51.     Whether the diaphragm in Flojet's and Jabsco's Diaphragm Pumps is produced by injection molding.

52.     Whether the diaphragm in SHURflo's Diaphragm Pump is made of santoprene, a thermoplastic.

53.     Whether the diaphragm in SHURflo's Diaphragm Pump is produced by injection molding.

54.     Whether ITT's (including Flojet's and Jabsco's) production drawings are confidential and proprietary and are not publicly available.

55.     Whether the check valves used in ITT's Diaphragm Pumps are made of rubber, and may change shape.

56.     Whether the process by which ITT assembles its Diaphragm Pumps changes the dimensions of the check valves.

57.     Whether defendants had actual knowledge of SHURflo's '183 and '882 Patents in or before September 2003.

58.     Whether all of defendants' Accused Products were required to go through ITT's Stage-Gate process.

59.     Whether the Stage-Gate Process was implemented in or around September 2003 for proposed ITT products.

60.     Whether documents describing the Stage-Gate Process required that ITT conduct a patent search at Stage 2 to determine whether any of the proposed ITT products would infringe competitors' patents.

61.     Whether ITT's legal department, Peter Van Winkle, was required to analyze patents located during Stage 2 of the Stage-Gate Process to determine whether any of the proposed products would infringe competitors' patents.

62.     Whether ITT's legal department, through Peter Van Winkle, was the department authorized to make the determination of whether the proposed products would or would not infringe competitors' patents, and thus whether the products should continue through the Stage-Gate Process.

**Plaintiff's Contested Issues Of Law:**

1.     Whether Defendants literally infringed the asserted claims of the Patents-in-Suit, entitling Plaintiff to a reasonable royalty based upon Defendants' sales of the Accused Products.

PHX 329,320,478v2

2.      Whether Defendants' infringement of the Patents-in-Suit was willful such that Plaintiff is entitled to enhanced damages of up to three times actual damages.

3.      Whether this is an exceptional case such that Plaintiff is entitled to an award of its attorneys' fees.

4.      Whether Plaintiff is entitled to prejudgment interests and costs.

5.      Whether Defendants should be enjoined from making, using, selling, or offering to sell the Accused Products.

**(2)      Defendants' Issues**

Defendants believe that the following issues are disputed:

**Defendants' Contested Issues Of Fact:**

To the extent that any issue of fact discussed herein is deemed to be an issue of law, it is incorporated below into Defendants' Contested Issues Of Law.

1.      Whether SHURflo has proven by a preponderance of the evidence that ITT's actions with regard to the Flojet Diaphragm Pump and Jabsco Diaphragm Pumps literally infringe claims 14-15 and 17 of the '882 Patent under 35 U.S.C. § 271(a), (b), and/or (c) and that those claims read on those products and/or components thereof.

2.      Whether claims 14, 15 and 17 of the '882 Patent are invalid for failure to satisfy the conditions of patentability specified in 35 U.S.C. § 102.

3.      Whether claims 14, 15 and 17 of the '882 Patent are invalid for failure to satisfy the conditions of patentability specified in 35 U.S.C. § 103.

4.      Whether SHURflo has proven by a preponderance of the evidence that ITT's actions with regard to the Flojet Diaphragm Pump and Jabsco Diaphragm Pumps literally

- 15 -

infringe claims 10-14 of the '183 Patent under 35 U.S.C. § 271(a), (b), and/or (c) and that those claims read on those products and/or components thereof.

5.     Whether claims 10-14 of the '183 Patent are invalid for failure to satisfy the conditions of patentability specified in 35 U.S.C. § 102.

6.     Whether claims 10-14 of the '183 Patent are invalid for failure to satisfy the conditions of patentability specified in 35 U.S.C. § 103.

7.     Whether claims 10-14 of the '183 Patent are invalid for failure to satisfy the enablement requirement specified in 35 U.S.C. § 112.

8.     Whether SHURflo has proven by a preponderance of the evidence that ITT's actions with regard to the Flojet Model No. 20982-100 Universal Bracket literally infringes claim 5 of the '662 Patent under 35 U.S.C. § 271(a), (b), and/or (c) and that those claims read on those products and/or components thereof.

9.     Whether claim 5 of the '662 Patent is invalid for failure to satisfy the conditions of patentability specified in 35 U.S.C. § 102.

10.     Whether claim 5 of the '662 Patent is invalid for failure to satisfy the conditions of patentability specified in 35 U.S.C. § 103.

11.     Whether SHURflo has proven by a preponderance of the evidence that ITT's actions with regard to the Flojet Model No. 20982-100 Universal Bracket literally infringes claims 18 and 21-23 of the '767 Patent under 35 U.S.C. § 271(a), (b), and/or (c) and that those claims read on those products and/or components thereof.

12.     Whether claims 18 and 21-23 of the '767 Patent are invalid for failure to satisfy the conditions of patentability specified in 35 U.S.C. § 102.

13.     Whether claims 18 and 21-23 of the '767 Patent are invalid for failure to satisfy the conditions of patentability specified in 35 U.S.C. § 103.

14.     Whether SHURflo has proven by a preponderance of the evidence that ITT's actions with regard to the Flojet Slider Bracket literally infringe claims 1-7 of the '936 Patent under 35 U.S.C. § 271(a), (b), and/or (c) and that those claims read on those products and/or components thereof.

15.     Whether claims 1-7 of the '936 Patent are invalid for failure to satisfy the conditions of patentability specified in 35 U.S.C. § 102.

16.     Whether claims 1-7 of the '936 Patent are invalid for failure to satisfy the conditions of patentability specified in 35 U.S.C. § 103.

17.     Whether William Chung is one of the named inventors of the '936 Patent, and Mr. Chung worked on developing SHURflo product number 21-957 Base Plate.  Mr. Chung was involved in the development and production of SHURflo product number 21-1215.

18.     Whether SHURflo was an exhibitor at the International Beverage Expo and Conference trade show in New Orleans, Louisiana from December 4 through December 6, 2000.

19.     Whether SHURflo has proven by a preponderance of the evidence that ITT's actions with regard to the Rule Livewell Pumps literally infringe claim 11 of the '437 Patent under 35 U.S.C. § 271(a), (b), and/or (c) and that those claims read on those products and/or components thereof.

20.     Whether claim 11 of the '437 Patent is invalid for failure to satisfy the conditions of patentability specified in 35 U.S.C. § 102.

- 17 -

21.     Whether claim 11 of the '437 Patent is invalid for failure to satisfy the conditions of patentability specified in 35 U.S.C. § 103.

22.     Whether claim 11 of the '437 Patent is invalid under 35 U.S.C. § 112 for failing to satisfy the written description requirement.

23.     Whether ITT has proven by clear and convincing evidence that ITT conceived and reduced to practice its Flojet Universal Bracket prior to the date of invention of SHURflo's '662 Patent and '767 Patent.

24.     Whether SHURflo's claims for relief are barred, in whole or in part, by laches, waiver, ratification and/or estoppel.

25.     Whether claims 1-7 of the '936 Patent are unenforceable due to inequitable conduct.

26.     Whether SHURflo and/or any predecessors in interest to the Patents-in-Suit failed to mark any of their relevant products as 35 U.S.C. § 287 requires, or otherwise give notice that ITT's actions allegedly infringed the Patents-in-Suit.

27.     What reasonable royalty damages, if any, SHURflo is entitled to receive should the jury find infringement.

**Defendants' Contested Issues Of Law:**

To the extent any issue of law discussed herein is deemed to be an issue of fact, it is incorporated into Defendants' Contested Issues of Fact above.

1.     If the jury finds infringement, whether ITT should be enjoined from the manufacture, use, importation, offer for sale, and sale of any of the Accused Products.

2.     Whether ITT's actions make this case exceptional and whether SHURflo is entitled to recover its costs and reasonable attorneys' fees from ITT.

- 18 -

3.      Whether SHURflo's actions make this case exceptional and whether ITT is entitled to recover their costs and reasonable attorneys' fees from SHURflo.

**G.      List of Witnesses**

The parties filed Witness Lists on April 13, 2010 and Rebuttal Witness Lists on April 20, 2010.  Defendants filed an Amended Trial Witness List on April 30, 2010.  The Court granted leave for the Parties to file Revised Trial Witness Lists along with this Joint Pretrial order on June 15, 2010.  SHURflo's Witness Lists are attached as Exhibit A-1.  ITT's Witness Lists are attached as Exhibit A-2.

**H.      List of Exhibits**

The Court granted leave for the Parties to file Revised Exhibit Lists along with this Joint Pretrial Order on June 15, 2010.  SHURflo's Exhibit List is attached as Exhibit B-1.  ITT's Exhibit List is attached as Exhibit B-2.

**I.      List of Any Pending Motions**

The following motions are pending:

(1)      Defendants' Motion for Partial Summary Judgment of Non-Infringement (Docket #133);

(2)      Defendants' Motion to Exclude the Opinions, Expert Report and Testimony of Plaintiff's Damages Expert, Mr. Fred Lipscomb (Docket #136); and

(3)      Defendants' Motion for Summary Judgment of Invalidity and Unenforceability of the '936 Patent (Docket #187, 211 – Motion for Leave to file said Motion in Docket 186 granted per Order dated June 15, 2010, Docket # 207).

**J.      Probable Length of Trial**

The Parties expect that the trial will last 5 days.

**K.       Management Conference Limitations**

1.       At any time up to at least seven (7) calendar days prior to the commencement of Opening Statements, any party to this action may, but is not required, to furnish the other parties copies of any demonstratives, including copies of power point slides (limited to power point slides used in Opening Statements and in direct examination), animations, and/or videotaped demonstrations, and disclose for inspection any physical models (hereinafter collectively, "the subject demonstratives"), it intends to use at trial.  In such event, the receiving parties will have until 5 p.m. CDT of the third business day after receipt in which to serve objections to the subject demonstratives.  Objections not made by that time are waived as to any tendered demonstrative governed by this paragraph.  Any changes to the subject demonstratives to address the objections shall be submitted in accordance with the provisions relating to demonstratives in paragraph 2 below.  The timing exchange of all other exhibits to be used at trial is addressed below.

2.       If not previously provided pursuant to paragraph 1 directly above, by 7:00 p.m. CDT of the day immediately preceding a demonstrative's intended use (other than for cross-examination), the party intending to use such demonstrative shall provide the other parties copies of any such demonstrative exhibit, including power point slides (limited to power point slides used in Opening Statements and in direct examination), animations and/or videotaped demonstrations, and disclose for inspection any physical models (hereinafter "the subject demonstratives").  The receiving parties will have until 8 a.m. CDT on the day the subject demonstrative is to be used in which to serve objections.  No party may use a demonstrative exhibit exchanged pursuant to this paragraph unless the party who produced the exhibit first uses the exhibit at trial.

PHX 329,320,478v2

3.      The parties shall identify all exhibits to be used on direct examination by 7:00 p.m. CDT the day before their use.  Except for exhibits used during cross examination, for purposes of impeachment, or demonstrative exhibits used during cross examination, no exhibits will be used at trial unless so identified.

4.      The parties agree that notice of a party's intended use of blow-ups (enlargements) of admitted trial exhibits and of ballooning, excerption, highlighting, etc. of such exhibits need not be given (and need not be exchanged as a demonstrative exhibit), as long as the party has identified its intention to use the trial exhibit according to the preceding paragraph.

5.      By 7:00 p.m. CDT the day before calling a witness at trial, the calling party shall notify opposing counsel in writing of its intention to call that witness, state whether said witness shall be called live or by deposition, along with an identification of the trial exhibits that it expects to use on direct examination of that witness, including demonstrative exhibits.  The calling party shall not call a witness at trial unless so identified or unless the other party failed to inform the calling party that it intended to finish its case within 48 hours.

6.      If a party wishes to call any witness identified on their trial witness list as a witness the party may call at trial (a "may call" live witness), the calling party shall notify opposing counsel in writing of its intention to call that witness by 7:00 p.m. CDT two evenings prior to calling that witness at trial.  (For example, if a party intends to call such a witness Wednesday at 9:00 a.m., it shall notify opposing counsel no later than 7:00 p.m. Monday.)  By 7:00 p.m. CDT the day before calling such a witness identified as a witness the party "may call" at trial, the calling party shall provide opposing counsel in writing an identification of the trial exhibits that it expects to use on direct examination of that witness, including demonstrative

exhibits.  The calling party may not call a witness at trial unless so identified or unless the other party failed to inform the calling party that it intended to finish its case within 48 hours.

7.     By 7:00 p.m. CDT two evenings before it intends to rest its case, each party will give the other party notice of its intention to rest.  This notice is intended so that each party will have an opportunity to comply with the foregoing provisions of this subsection.

## L.     Certifications

The undersigned counsel for each of the parties in this action do hereby certify and acknowledge the following:

(1)     Full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure and the Court's orders;

(2)     Discovery limitations set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders have been complied with and not altered by agreement or otherwise; and

(3)     Exhibit Lists have been provided and exhibits will be provided.

### AGREED AS TO FORM AND SUBSTANCE:

_/s/ Michael A. Nicodema by permission_
Michael A. Nicodema, admitted _pro hac vice_
nicodemam@gtlaw.com
GREENBERG TRAURIG, LLP
200 Park Avenue
PO Box 677
Florham Park, New Jersey 07932
973-360-7900
973-301-8410 fax

Mary-Olga Lovett
lovettm@gtlaw.com
Paul J. Brown
brownpa@gtlaw.com
GREENBERG TRAURIG, LLP
1000 Louisiana Street, Suite 1800
Houston, Texas 77002

Gerald L. Fellows, admitted _pro hac vice_
fellowsj@gtlaw.com
Kimberly A. Warshawsky, admitted _pro hac vice_
warshawskyk@gtlaw.com
GREENBERG TRAURIG, LLP
2375 East Camelback Road, Suite 700
Phoenix, Arizona 85016
Telephone: (602) 445-8000
Telecopier: (602) 445-8100

Douglas R. McSwane, Jr.
State Bar No 1381300
E. Glenn Thames, Jr.
State Bar No. 00785097
POTTER MINTON
A Professional Corporation
110 N. College, Suite 500 (75702)
P. O. Box 359
Tyler, Texas  75710
(903) 597 8311
(903) 593 0846 (Facsimile)
dougmcswane@potterminton.com

COUNSEL FOR PLAINTIFF

_/s/ Brett C. Govett_
Brett C. Govett
Texas Bar No.  08235900
Karl G. Dial
Texas Bar No.  05800400
Miriam L. Quinn
Texas Bar No.  24037313
Dustin Mauck
Texas Bar No.  24046373

FULBRIGHT & JAWORSKI L.L.P.
2200 Ross Avenue, Suite 2800
Dallas, TX  75201-2784
Telephone:  (214) 855-8000
Facsimile:  (214) 855-8200
Email:  bgovett@fulbright.com
Email:  kdial@fulbright.com
Email:  mquinn@fulbright.com
Email:  dmauck@fulbright.com

George W. Jordan III
Texas Bar No.  00796850
FULBRIGHT & JAWORSKI L.L.P.
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Telephone:  (713) 651-5151
Facsimile:  (713) 651-5246
Email:  gjordan@fulbright.com

Otis Carroll
Deborah J. Race
Ireland, Carroll & Kelley, PC
6101 S. Broadway, Suite 500
Tyler, Texas 75703
903-561-1600
903-581-1071 fax
fedserv@icklaw.com

COUNSEL FOR DEFENDANTS

PHX 329,320,478v2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was served in compliance with the Federal Rules of Civil Procedure to all counsel of record on August 2, 2010.

*/s/ Brett C. Govett*_____

Brett C. Govett
