**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| STA-RITE INDUSTRIES, LLC F/K/A SHURFLO, LLC F/K/A/ SHURFLO PUMP MANUFACTURING COMPANY, | § § § § § | |
| *Plaintiff*, | § § | Civil Action No. 6:08-cv-59 |
| v. | § § § | |
| ITT CORPORATION, ITT INDUSTRIES, FLOJET CORPORATION, ITT JABSCO, INC., AND RULE INDUSTRIES, INC., | § § § § § § § | |
| *Defendants*. | § | |

**PLAINTIFF'S FIRST AMENDED OBJECTIONS, OPTIONAL
COMPLETENESS DESIGNATIONS, AND REBUTTAL DESIGNATIONS TO
DEFENDANTS' DEPOSITION DESIGNATIONS**

Plaintiff Sta-Rite Industries, LLC F/K/A Shurflo, LLC F/K/A/ Shurflo Pump Manufacturing Company ("Plaintiff") files these First Amended Objections, Optional Completeness Designations, and Rebuttal Designations to Defendants' Deposition Designations.

**ANTHONY BARBER – MARCH 2, 2010**

*Plaintiff's Objection:*

- Pg. 28, ln. 23 -pg. 30, ln. 7: Plaintiff objects to this testimony under Rule 402. This testimony is not relevant to any issues before the jury.

*Plaintiff's Optional Completeness Designations:*

- Pg. 20, lns. 15-20
- Pg. 83, lns. 1-4

## SCOTT BATCHELDER – MARCH 25, 2010

*Plaintiff's Rebuttal Designations:*

- Pg. 51 ln. 8 - pg. 52, ln. 19

- Pg. 53, ln. 3 - pg. 54, ln. 17

## JON BYRD – MARCH 3, 2010

*Plaintiff's Objection:*

- Pg. 32, ln. 7-12: The witness does not have personal knowledge, and thus, his testimony

is inadmissible under Federal Rule of Evidence 602.

*Plaintiff's Optional Completeness Designations:*

- Pg. 32, lns. 13-16 (only if the above objection is overruled)

- Pg. 57, lns. 2-4

*Plaintiffs' Rebuttal Designations*:

- Pg. 24, ln. 25 - pg. 25, ln. 13

## GERARD CALDWELL – MARCH 26, 2010

*Plaintiff's Optional Completeness Designation:*

- Pg. 23, lns. 19-24

*Plaintiffs' Rebuttal Designation*:

- Pg. 88, lns. 2-21

## **WILLIAM CHUNG-JULY 1, 2010**

*Plaintiff's Objections:*

- Pg. 13, lns. 7-17:  The witness does not have personal knowledge, and thus, his testimony is inadmissible under Federal Rule of Evidence 602.

- Pg. 14, lns. 9-16:  The witness does not have personal knowledge, and thus, his testimony is inadmissible under Federal Rule of Evidence 602.

- Pg. 30, ln. 1 - pg. 31, ln. 18:  The witness does not have personal knowledge, and thus, his testimony is inadmissible under Federal Rule of Evidence 602.  This testimony is also based upon inadmissible hearsay evidence under Rules 801 and 802.

- Pg. 37, lns. 5-11: The witness does not have personal knowledge, and thus, his testimony is inadmissible under Federal Rule of Evidence 602.

- Pg. 64, ln. 8 - pg. 65, ln. 16:  The witness does not have personal knowledge, and thus, his testimony is inadmissible under Federal Rule of Evidence 602.

- Pg. 65, ln 19 - pg. 67, ln 21:  The witness does not have personal knowledge, and thus, his testimony is inadmissible under Federal Rule of Evidence 602.

- Pg. 67, ln. 23 - pg. 69, ln. 15: The witness does not have personal knowledge, and thus, his testimony is inadmissible under Federal Rule of Evidence 602.

- Pg. 77, ln. 16 - p. 78, ln. 11:  The witness does not have personal knowledge, and thus, his testimony is inadmissible under Federal Rule of Evidence 602.  Plaintiff further objects to this testimony, because there is no admissible evidence showing that the 957 Base Plate was shown at any trade show.

- Pg. 80, lns. 22-25:  The witness does not have personal knowledge, and thus, his testimony is inadmissible under Federal Rule of Evidence 602.

***Plaintiff's Optional Completeness Designations:***

- Pg. 9, lns. 20-23
- Pg. 13, lns. 18-19
- Pg. 27, ln. 21 - pg. 28, ln. 4
- Pg. 31, lns. 21-23 (if objection is overruled)
- Pg. 74, lns. 3-8

***Plaintiffs' Rebuttal Designation***:

- Pg. 12, lns. 9-13
- Pg. 91, lns. 12-19
- Pg. 93, ln. 6 - pg. 100, ln. 6

### THANG DANG – MARCH 2, 2010

***Plaintiff's Optional Completeness Designation:***

- Pg. 33, ln. 24 - Pg. 34, ln. 6

***Plaintiffs' Rebuttal Designations***:

- Pg. 38, lns. 19-21
- Pg. 50, lns. 19-22 (to "the supplier")
- Pg. 88, ln. 19 - pg. 89, ln. 7
- Pg. 157, lns. 9-11
- Pg. 209, lns. 1-3
- Pg. 212, lns. 4-13

## ROCIO ECHEVERRIA – MARCH 24, 2010

*Plaintiff's Objection:*

- Pg. 51, ln. 25 - pg. 52, ln. 4: The witness does not have personal knowledge, and thus, his testimony is inadmissible under Federal Rule of Evidence 602.

*Plaintiffs' Rebuttal Designations*:

- Pg. 66, lns. 4-15

## TOM HARDESTY – MAY 14, 2010

*Plaintiff's Objection:*

- Pg. 14, ln. 14 - pg. 15, ln. 11: Plaintiff objects to this testimony under Rules 402 and 403. This testimony is not relevant to any issues before the jury. Furthermore, the introduction of this testimony would unfairly prejudice Plaintiff.

- Pg. 15, lns. 12-14: Plaintiff objects to this testimony under Rules 402 and 403. This testimony is not relevant to any issues before the jury. Furthermore, the introduction of this testimony would unfairly prejudice Plaintiff.

- Pg. 15, ln. 23 - pg. 16, ln. 14: Plaintiff objects to this testimony under Rules 402 and 403. This testimony is not relevant to any issues before the jury. Furthermore, the introduction of this testimony would unfairly prejudice Plaintiff.

- Pg. 17, lns. 5-9: Plaintiff objects to this testimony under Rules 402 and 403. This testimony is not relevant to any issues before the jury. Furthermore, the introduction of this testimony would unfairly prejudice Plaintiff.

- Pg. 20, lns. 5-25: Plaintiff objects to this testimony under Rules 402 and 403. This testimony is not relevant to any issues before the jury. Furthermore, the introduction of this testimony would unfairly prejudice Plaintiff.

- Pg. 46, ln. 23- pg. 47, ln. 8: The witness does not have personal knowledge, and thus, his testimony is inadmissible under Federal Rule of Evidence 602.

*Plaintiffs' Rebuttal Designation*:

- Pg. 63, lns. 11 - pg. 64, ln. 25
- Pg. 66, lns. 11-14

### STEVEN JERSEY – MARCH 3, 2010

*Plaintiff's Objection:*

- Pg. 131, lns. 3-12: The witness does not have personal knowledge, and thus, his testimony is inadmissible under Federal Rule of Evidence 602.

*Plaintiff's Optional Completeness Designations:*

- Pg. 12, lns. 14-23
- Pg. 16, lns. 2-6

*Plaintiffs' Rebuttal Designation*:

- Pg. 170, lns. 6-11, 17-19

### RUSSELL JOHNSON – APRIL 2, 2010

*Plaintiffs' Rebuttal Designations*:

- Pg. 41, ln. 8 - pg. 42, ln. 2

## JAY NAVAL – MARCH 4, 2010

*Plaintiff's Objections:*

- Pg. 36, lns. 16-24: The witness does not have personal knowledge, and thus, his testimony is inadmissible under Federal Rule of Evidence 602. This testimony is also based upon inadmissible hearsay evidence under Rules 801 and 802.

- Pg. 83, lns. 6-19: The witness does not have personal knowledge, and thus, his testimony is inadmissible under Federal Rule of Evidence 602.

- Pg. 86, lns. 9-12: The witness does not have personal knowledge, and thus, his testimony is inadmissible under Federal Rule of Evidence 602.

## MICHAEL SAVELIEV – MARCH 4, 2010

*Plaintiff's Objection:*

- Pg. 127, lns. 14-16, 19-22: The witness does not have personal knowledge, and thus, his testimony is inadmissible under Federal Rule of Evidence 602.

## MICHAEL SAVELIEV – MAY 14, 2010

*Plaintiff's Objection:*

- Pg. 244, ln. 20 - pg. 245, ln. 12: Plaintiff objects to this testimony under Rules 402 and 403. This testimony is not relevant to any issues before the jury. Furthermore, the introduction of this testimony would unfairly prejudice Plaintiff.

- Pg. 245, ln. 16 - pg. 246, ln. 9: Plaintiff objects to this testimony under Rules 402 and 403. This testimony is not relevant to any issues before the jury. Furthermore, the introduction of this testimony would unfairly prejudice Plaintiff.

- Pg. 247, ln. 19 - pg. 248, ln. 22: Plaintiff objects to this testimony under Rules 402 and 403. This testimony is not relevant to any issues before the jury. Furthermore, the introduction of this testimony would unfairly prejudice Plaintiff.

- Pg. 249, ln. 2 - pg. 249, ln. 10: Plaintiff objects to this testimony under Rules 402 and 403. This testimony is not relevant to any issues before the jury. Furthermore, the introduction of this testimony would unfairly prejudice Plaintiff.

- Pg. 252, ln. 9 - pg. 252, ln. 21: Plaintiff objects to this testimony under Rules 402 and 403. This testimony is not relevant to any issues before the jury. Furthermore, the introduction of this testimony would unfairly prejudice Plaintiff.

- Pg. 253, ln. 24 - pg. 254, ln. 25: Plaintiff objects to this testimony under Rules 402 and 403. This testimony is not relevant to any issues before the jury. Furthermore, the introduction of this testimony would unfairly prejudice Plaintiff.

- Pg. 263, ln. 24 - pg. 264, ln. 12: Plaintiff objects to this testimony under Rules 402 and 403. This testimony is not relevant to any issues before the jury. Furthermore, the introduction of this testimony would unfairly prejudice Plaintiff.

- Pg. 264, ln. 20 - pg. 265, ln. 4: Plaintiff objects to this testimony under Rules 402 and 403. This testimony is not relevant to any issues before the jury. Furthermore, the introduction of this testimony would unfairly prejudice Plaintiff.

- Pg. 267, ln. 6 - pg. 267, ln 10: Plaintiff objects to this testimony under Rules 402 and 403. This testimony is not relevant to any issues before the jury. Furthermore, the introduction of this testimony would unfairly prejudice Plaintiff.

- Pg. 268, ln. 6 - pg. 268. ln. 13: Plaintiff objects to this testimony under Rules 402 and 403. This testimony is not relevant to any issues before the jury. Furthermore, the introduction of this testimony would unfairly prejudice Plaintiff.

### MICHAEL SAVELIEV – JULY 1, 2010

*Plaintiff's Objection:*

- Pg. 137. ln. 19 -pg. 143, ln. 4: The witness does not have personal knowledge, and thus, his testimony is inadmissible under Federal Rule of Evidence 602. This testimony is also based upon inadmissible hearsay evidence under Rules 801 and 802.

- Pg. 146, lns. 1-2: Plaintiff objects to this designation, as it is incomplete and confusing.

- Pg. 155, lns. 1-13: The witness does not have personal knowledge, and thus, his testimony is inadmissible under Federal Rule of Evidence 602. This testimony is also based upon inadmissible hearsay evidence under Rules 801 and 802.

- Pg. 164, lns. 16-17: Plaintiff objects to this testimony under Rules 402 and 403. This testimony is not relevant to any issues before the jury. Furthermore, the introduction of this testimony would unfairly prejudice Plaintiff. In addition, Defendants have violated the Court's restriction of discovery to topics related to Defendants' new claims regarding the '936 Patent.

- Pg. 165, lns. 3-9: Plaintiff objects to this testimony under Rules 402 and 403. This testimony is not relevant to any issues before the jury. Furthermore, the introduction of this testimony would unfairly prejudice Plaintiff. In addition, Defendants have violated the Court's restriction of discovery to topics related to Defendants' new claims regarding the '936 Patent.

- Pg. 166, lns. 5-7: Plaintiff objects to this testimony under Rules 402 and 403. This testimony is not relevant to any issues before the jury. Furthermore, the introduction of this

testimony would unfairly prejudice Plaintiff. In addition, Defendants have violated the Court's restriction of discovery to topics related to Defendants' new claims regarding the '936 Patent.

- Pg. 207, lns. 9-17: Plaintiff objects to this testimony, because there is no admissible evidence showing that the 957 Base Plate was shown at any trade show.

*Plaintiff's Optional Completeness Designations:*

- Pg. 19, lns. 8-14

- Pg. 113, lns. 17-20

- Pg. 114, ln. 14- Pg. 115, ln. 7

*Plaintiffs' Rebuttal Designation*:

- Pg. 12, ln. 18 - pg. 13, ln. 8

- Pg. 19, ln. 22 - pg. 21, ln. 5

- Pg. 43, ln. 11 - pg. 44, ln. 15

- Pg. 91 ln. 1 - pg. 92, ln. 9

- Pg. 93, ln. 14 - pg. 94, ln. 12

- Pg. 95, lns. 9-21

- Pg. 96, lns. 1-13

- Pg. 98, lns. 2-25

- Pg. 108, ln. 7 - pg. 109, ln. 4

- Pg. 129, ln. 15 - pg. 132, ln. 4

- Pg. 156, ln. 5-18

- Pg. 157, lns. 6-16

## JEFF SCHOPPERLE – MARCH 24, 2010

*Plaintiff's Objection:*

- Pg. 64, lns. 5-21: Plaintiff objects to this testimony under Rules 402 and 403. This testimony is not relevant to any issues before the jury. Furthermore, the introduction of this testimony would unfairly prejudice Plaintiff.

*Plaintiffs' Rebuttal Designations*:

- Pg 37, ln. 15- pg. 39, ln. 4

## RYAN SESSLER – MARCH 24, 2010

*Plaintiff's Objections:*

- Pg. 86, lns. 11-23: The witness does not have personal knowledge, and thus, his testimony is inadmissible under Federal Rule of Evidence 602.

- Pg. 87, lns. 3-6: The witness does not have personal knowledge, and thus, his testimony is inadmissible under Federal Rule of Evidence 602.

## STEVE TILDERS – MARCH 21, 2010

*Plaintiffs' Rebuttal Designations:*

- Pg. 61, ln. 10-21

Dated: August 9, 2010

Respectfully submitted,

*/s/* Mary-Olga Lovett
Michael A. Nicodema, admitted *pro hac vice*
Attorney in Charge
nicodemam@gtlaw.com
GREENBERG TRAURIG, LLP
200 Park Avenue
PO Box 677
Florham Park, New Jersey 07932
973-360-7900
973-301-8410 fax

Mary-Olga Lovett
Paul J. Brown
lovettm@gtlaw.com
brownpa@gtlaw.com
GREENBERG TRAURIG, LLP
1000 Louisiana Street, Suite 1800
Houston, Texas 77002

Gerald L. Fellows, admitted *pro hac vice*
fellowsj@gtlaw.com
Kimberly A. Warshawsky, admitted *pro hac vice*
warshawskyk@gtlaw.com
GREENBERG TRAURIG, LLP
2375 East Camelback Road, Suite 700
Phoenix, Arizona 85016
Telephone: (602) 445-8000
Telecopier: (602) 445-8100

Douglas R. McSwane, Jr.
State Bar No 1381300
POTTER MINTON
A Professional Corporation
110 N. College, Suite 500 (75702)
P. O. Box 359
Tyler, Texas 75710
(903) 597 8311
(903) 593 0846 (Facsimile)
dougmcswane@potterminton.com

**ATTORNEYS FOR PLAINTIFF STA-RITE INDUSTRIES, LLC F/K/A SHURFLO, LLC F/K/A SHURFLO PUMP MANUFACTURING COMPANY**

## **CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that all counsel of record who are deemed to consented to electronic service and being served with a copy of this document via the Court's e-filing system on August 9, 2010.

           By: */s/* Mary-Olga Lovett
              Mary-Olga Lovett